1  Howard Ross Cabot, Bar #006669
2  Jacob C. Robertson, Bar #024763
   PERKINS COIE LLP
3  2901 North Central Avenue, Suite 2000
   Phoenix, Arizona  85012-2788
4  Telephone:  602.351.8000
5  Facsimile:  602.648.7000
   HCabot@perkinscoie.com
6  JRobertson@perkinscoie.com

7  Attorneys for Defendants
8  *Vanguard Fiduciary Trust Company and*
   *The Vanguard Group, Inc.*

9

10                  UNITED STATES DISTRICT COURT

11                      DISTRICT OF ARIZONA

12  Leanne M. Horwath,

13                 Plaintiff,
                                          No. _____
14        v.

15                                        **NOTICE OF REMOVAL**
    Vanguard Fiduciary Trust Company, a
16  Pennsylvania Corporation; The Vanguard
    Group, Inc., a Pennsylvania Corporation; Fran
17  Grunde; Meghan Vogel; Wells Fargo Bank, a
    National Banking Association; and Does 1 to
18  10,

19                 Defendants.
20

21

22        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1348, 1441, and

23  1446, and in accordance with LR Civ 3.7, Defendants Vanguard Fiduciary Trust Company

24  and The Vanguard Group, Inc. (collectively, "Vanguard" or "Vanguard Defendants"), by

25  their undersigned attorneys, hereby remove Case No. CV2012-010337 from the Superior

26  Court of the State of Arizona, in and for the County of Maricopa, to the United States

District Court for the District of Arizona, Phoenix Division.

**Description of Lawsuit**

1.     On or about July 3, 2012, Plaintiff Leanne M. Horwath, commenced an action in the Superior Court of the State of Arizona, in and for the County of Maricopa, by filing Plaintiff's Complaint (the "Complaint") bearing the caption, *Leanne M. Horwath, Plaintiff, vs. Vanguard Fiduciary Trust Company, The Vanguard Group, Inc., Fran Grunde, Megan Vogel, Wells Fargo Bank and Does 1 to 10, Defendants*, Case No. CV2012-010337 (the "State Court Action") and asserting claims under Arizona common law in an attempt to recover her alleged losses incurred due to alleged check forgeries by a third party.

2.     Removal is proper under 28 U.S.C. § 1441.  The State Court Action is a civil action brought in state court, and the federal district courts have jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**Complete Diversity of Citizenship Exists**

3.     Plaintiff Leanne M. Horwath is and, at the time this action was commenced, was a resident and citizen of Arizona. [Compl. ¶ 1]

4.     No Defendants are nor, at the time this action was commenced, were citizens of Arizona.

a.     Defendants Vanguard Fiduciary Trust Company and The Vanguard Group, Inc. are Pennsylvania corporations with their principal place of business in Pennsylvania.  [Compl. ¶ 2]

b.     Defendants Fran Grunde and Meghan Vogel (collectively "Individual Defendants") are employees of Vanguard and are residents and citizens of Pennsylvania.

c.      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association with its main office in South Dakota.

d.      The citizenship of defendants sued under fictitious names -- here the remaining defendants Does 1-10 -- is disregarded for purposes of removal under 28 U.S.C. 1441. *See* 28 U.S.C. 1441(a).

### Amount in Controversy

5.      Plaintiff has demanded:  (1) "compensatory damages in the sum of $61,515.46 together with earnings and profits generated by said funds as we [sic] as interest at the legal rate from and after February 15, 2006"; (2) "compensatory damages resulting from the foreclosure of Plaintiff's house in a fair and reasonable amount according to proof at trial"; (3) "punitive and exemplary damages in a sum of Ten Million Dollars ($10,000,000.00); and (4) "reasonable attorney's fees as allowed by Arizona law, as well as taxable costs." [Compl. at p. 13]

6.      Based on the allegations in the Complaint, the matter in controversy, exclusive of costs, exceeds $75,000.

### Timeliness of Removal

7.      The  Vanguard Defendants were served on July 9, 2012.

8.      This Notice of Removal is filed within the 30-day timeframe permitted in 28 U.S.C. § 1446(b).  Therefore, removal is timely.

### Procedural Requirements

9.      The State Court Action is pending within this District and Division.

10.      Pursuant to 28 U.S.C. § 1446(a) and LR Civ 3.7, a copy of this Notice of Removal has been filed with the Clerk of the Superior Court of Arizona, County of Maricopa, and a copy shall be served upon Plaintiff.

11.      In accordance with 28 U.S.C. § 1446(a), attached as "Exhibit 1" is a true and complete copy of all pleadings and other documents filed in the State Court Action.

12.     In accordance with 28 U.S.C. § 1446(b)(2)(A), all other defendants in this action join in and consent to this removal. Specifically, the Individual Defendants (served on July 26, 2012) join in and consent to removal. Wells Fargo (served on July 9, 2012) also joins in and consents to the removal.

**WHEREFORE**, the Vanguard Defendants submit this action is properly removed from the Superior Court of the State of Arizona, in and for the County of Maricopa, and is now properly before this court.

Dated:  August 3, 2012

**PERKINS COIE LLP**

By:  s/ Jacob C. Robertson
    Howard Ross Cabot, Bar #006669
    Jacob C. Robertson, Bar #024763
    2901 North Central Avenue
    Suite 2000
    Phoenix, Arizona  85012-2788
    Telephone:  602.351.8000
    Facsimile:  602.648.7000
    HCabot@perkinscoie.com
    JRobertson@perkinscoie.com

Attorneys for Defendants
*Vanguard Fiduciary Trust Company and The Vanguard Group, Inc.*

**CERTIFICATE OF SERVICE**

☒    I hereby certify that on August 3, 2012, I served the attached document by first class mail on the following:

> Howard R. Gaines
> Gaines Law, P.C.
> 3200 North Central Avenue
> Suite 2350
> Phoenix, Arizona  85012
> Attorney for Plaintiff
>
> Kelly A. Brown
> JABURG & WILK
> 3200 North Central Avenue
> Suite 2000
> Phoenix, Arizona 85012
> Attorney for Wells Fargo Bank

s/ Indy Fitzgerald

*Horwath v. Vanguard Fiduciary Trust Company, et al.*

**Index of Exhibits to Notice of Removal**

| Exhibit No. | Description |
|:---:|:---|
| 1 | An accurate copy of the Certificate of Compulsory Arbitration and Complaint For: Breach Of Contract; Conversion; Constructive Trust; Fraud; Accounting; Breach Of The Covenant Of Good Faith And Fair Dealing; And Damages filed in Maricopa Superior Court on July 3, 2012. |

# Exhibit 1

FILED
17 JUL 03 2:38 PM
MICHAEL K. JEANES, Clerk

By _S. Smith_
S. Smith, Deputy

1   **HOWARD R. GAINES**
    3200 North Central Avenue
2   Suite 2350
    Phoenix, Arizona 85012
3   (602) 274-1400

4   Attorney for Plaintiff LEANNE M. HORWATH

5

6
                      STATE OF ARIZONA
7
              SUPERIOR COURT OF MARICOPA COUNTY
8
9   LEANNE M. HORWATH,                )    CASE NO: CV2012 010337
                                      )
10         Plaintiff,                 )    CERTIFICATE OF
                                      )    COMPULSORY ARBITRATION
11  vs.                               )    NON-ELIGIBILITY
                                      )
12  VANGUARD FIDUCIARY TRUST          )
    COMPANY, a Pennsylvania Corporation; )
13  THE VANGUARD GROUP, INC., a       )
    Pennsylvania Corporation; FRAN GRUNDE;)
14  MEGAN VOGEL; WELLS FARGO BANK, a  )
    national banking association; and )
15  DOES 1 TO 10,                     )
                                      )
16         Defendants.                )
                                      )
17

18         The undersigned certifies that the largest award sought by the Plaintiff,

19  including punitive damages,  but excluding interest,  attorney's fees and costs

20  does exceed limits  set by Local Rule for Compulsory Arbitration.   This case is

21  not subject to the Uniform Rules of Procedure for Arbitration.

22  DATED  this __3rd__ day of July,  2012.

23

24

25                                  _____
                                    HOWARD R. GAINES
26                                  Attorney for Plaintiff
                                    LEANNE M. HORWATH
27

28

MICHAEL K. JEANES
Clerk of the Superior Court
By Shian Smith, Deputy
Date 07/03/2012 Time 14:43:12

| Description | Amount |
| --- | --- |
| ———— CASE# CV2012-010337 ———— | |
| CIVIL NEW COMPLAINT | 301.00 |
| | |
| TOTAL AMOUNT | 301.00 |
| Receipt# 22295065 | |

**HOWARD R. GAINES**
Gaines Law, P.C.
3200 North Central Avenue
Suite 2350
Phoenix, Arizona 85012
(602) 274-1400

Attorney for Plaintiff LEANNE M. HORWATH

STATE OF ARIZONA

SUPERIOR COURT OF MARICOPA COUNTY

CV2012 010337

| | | |
| --- | --- | --- |
| LEANNE M. HORWATH, | ) | CASE NO: |
| Plaintiff, | ) | COMPLAINT FOR: |
| vs. | ) | BREACH OF CONTRACT; |
| VANGUARD FIDUCIARY TRUST | ) | CONVERSION; CONSTRUCTIVE TRUST; |
| COMPANY, a Pennsylvania Corporation; | ) | FRAUD; ACCOUNTING; |
| THE VANGUARD GROUP, INC., a | ) | BREACH OF THE COVENANT |
| Pennsylvania Corporation; FRAN GRUNDE; | ) | OF GOOD FAITH AND FAIR |
| MEGAN VOGEL; WELLS FARGO BANK, a | ) | DEALING; AND DAMAGES |
| national banking association; and | ) | |
| DOES 1 TO 10, | ) | |
| Defendants. | ) | |

Plaintiff LEANNE M. HORWATH by and through her counsel of record

HOWARD GAINES, Esq. alleges as follows:

**COUNT ONE**

I.

At all times mentioned below, Plaintiff LEANNE M. HORWATH, was and

is a resident of Phoenix, Maricopa County, Arizona.

II.

At all times herein mentioned, Plaintiff is informed and believes that

Defendants VANGUARD FIDUCIARY TRUST COMPANY and THE VANGUARD

GROUP, INC. were and are corporations domiciled in Pennsylvania, and

authorized to transact business in the State of Arizona.  Said Defendants are

1  hereinafter referred to individually and collectively as "VANGUARD."   At all

2  times herein mentioned, Plaintiff is informed and believes that Defendant

3  WELLS FARGO BANK (hereinafter referred to as "WELLS FARGO") is a federal

4  savings bank duly authorized to and transacting business in and with offices

5  and branches located in Maricopa County, Arizona.   Plaintiff is informed and

6  believes that Defendant WELLS FARGO is the successor in interest to

7  Wachovia Bank.   The names and addresses of the Defendants sued herein as

8  Does 1 to 10 are unknown to Plaintiff.   Plaintiff will ask leave of Court to insert

9  the true names and addresses, if any, of said Defendants as soon as they

10  become known to him.

11                                                    III.

12        At all times herein mentioned, Plaintiff is informed and believes that

13  Defendants FRAN GRUNDE and MEGAN VOGEL were and are residents of a

14  state or states unknown, and at all times herein mentioned were and are

15  officers, agents, supervisors and employees of Defendant VANGUARD.

16  Plaintiff is informed and believes and thereon alleges that at all times herein

17  mentioned, each of the defendants sued herein was the agent and employee of

18  each of the remaining defendants and was at all times acting within the

19  purpose and scope of such agency and employment.

20                                                    IV.

21        Since approximately 1988, and at all times herein mentioned, Plaintiff

22  has maintained a FedEx Corporation Retirement Savings Plan account with

23  Defendant VANGUARD, being Account -xx3111.   Pursuant to the account

24  agreement Defendant VANGUARD agreed to provide the following services and

25  represented to Plaintiff among other things the following:

26        A.      That Defendant would act as Trustee for Plaintiff's Retirement

27                Savings Account;

28
                                                     2

B.   That Defendant would at all times safeguard Plaintiff's retirement account;

C.   That Defendant VANGUARD would exercise due diligence and the highest fiduciary standards as Trustee for Plaintiff's retirement account;

D.   That Defendant VANGUARD would provide Plaintiff with regular periodic statements by mail reflecting the account status and activity in her retirement account;

E.   That Defendant VANGUARD would not issue and nor process for payment checks drawn on Plaintiff's retirement account that were presented for payment on the basis of forged endorsements;

F.   That when Plaintiff requested that Defendant VANGUARD provide copies of canceled checks drawn on her account, that Defendant would provide same expeditiously.

G.   That Defendant VANGUARD would expeditiously investigate criminal acts, including theft and the payment of forged checks, perpetrated against Plaintiff and her Retirement Savings Plan account.

V.

In reliance on the agreement and representations by Defendant VANGUARD, Plaintiff did periodically make contributions to the Retirement Savings Plan account, has paid all fees periodically charged by Defendant VANGUARD, and has otherwise performed all of the conditions, covenants and promises required by her to be performed according to the account agreement.

VI.

On or about February 15, 2006, December 12, 2007 and December 14, 2007 Defendants VANGUARD breached the account agreement

3

1  and its representations by issuing and paying a total of $61,515.46 for three (3)

2  checks drawn on Plaintiff's retirement account maintained by Defendant

3  VANGUARD.   Each of the checks were negotiated by said Defendant with

4  forged endorsements, without Plaintiff's knowledge or consent.   And, the

5  proceeds from said checks were neither paid to nor received by Plaintiff.

6                                        VII.

7        As a result of the breach of the Retirement Savings Plan account

8  agreement by Defendant VANGUARD, Plaintiff has incurred compensatory

9  damages in the sum of $61,515.46 together with interest and loss of

10  investment earnings on said sum from and after February 15, 2006.

11                                        VIII.

12        The disbursement of funds from Plaintiff's Retirement Savings Account

13  was considered a taxable event by the Internal Revenue Service which

14  precipitated a garnishment for tax purposes against Plaintiff's earnings.   As a

15  further direct and proximate result of the breach of the Retirement Savings

16  Plan account agreement by Defendant VANGUARD, and the resulting IRS

17  garnishment against Plaintiff's earnings, Plaintiff was not able to continue to

18  make payments on the mortgage on her house, and her house was foreclosed.

19                                        IX.

20        Plaintiff was not provided with current statements for the Retirement

21  Savings Plan account nor informed of the breach of the agreement, and despite

22  exercising reasonable diligence was not able to discover the breach of the

23  agreement until approximately March 10, 2010 when Defendant VANGUARD

24  finally provided Plaintiff with copies of the three (3) checks referred to above.

25  Further, Defendants VANGUARD, FRAN GRUNDE, MEGAN VOGEL and

26  DOES 1, 2 and 3, negligently and/or intentionally repeatedly failed to provide

27  information, account statements, copies of canceled checks and other

28

                                          4

1   documents requested by Plaintiff, and to initiate an investigation into the

2   disbursement of funds from Plaintiff's account, all of which would have

3   provided Plaintiff with sufficient information needed to discover the breach of

4   the Retirement Savings Plan agreement by Defendant VANGUARD.

5                                         X.

6          Despite Plaintiff's repeated requests for Defendant VANGUARD to restore

7   all funds that were wrongfully paid from her Retirement Savings Plan account

8   as well as other consequential damages, Defendant has failed and refused and

9   continues to fail and refuse to do so.

10                                        XI.

11         Defendant VANGUARD has therefore breached the Retirement Savings

12  Plan agreement with Plaintiff who has incurred compensatory damages in the

13  sum of $61,515.46 together with interest and loss of investment earnings on

14  said sum from and after February 15, 2006.   Plaintiff has incurred additional

15  consequential damages associated with the foreclosure of her house.

16                                  **COUNT TWO**

17                                       XII.

18         Plaintiff refers to and incorporates by reference paragraphs I through XI

19  of this Complaint.

20                                       XIII.

21         At all times from and after February 15, 2006, Plaintiff has been lawfully

22  entitled to, and still is entitled to, possession of the sum of $61,515.46.  On or

23  about February 15, 2006, December 12, 2007 and December 14, 2007

24  Defendants VANGUARD and WELLS FARGO (successor in interest to Wachovia

25  Bank) wrongfully took the total sum of $61,515.46 from Plaintiff's possession

26  by issuing and/or  paying a total of $61,515.46 for three (3) checks drawn on

27  the aforementioned dates on Plaintiff's Retirement Savings Plan account

28

1   maintained by Defendant VANGUARD and cleared by WELLS FARGO

2   (successor in interest to Wachovia Bank), and converted same to Defendants'

3   own use.

4                                      XIV.

5          Plaintiff was not provided with current statements for the Retirement

6   Savings Plan account nor informed of the conversion of funds from her

7   account, and despite exercising reasonable diligence was not able to discover

8   the conversion until approximately March 10, 2010 when Defendant

9   VANGUARD finally provided Plaintiff with copies of the three (3) checks referred

10  to above.   Further, Defendants VANGUARD, FRAN GRUNDE, MEGAN VOGEL

11  and DOES 1, 2 and 3, negligently and/or intentionally repeatedly failed to

12  provide information, account statements, copies of canceled checks and other

13  documents requested by Plaintiff, and to initiate an investigation into the

14  disbursement of funds from Plaintiff's account, all of which would have

15  provided Plaintiff with sufficient information needed to discover the conversion

16  of funds from Plaintiff's Retirement Savings Plan account.

17                                     XV.

18         Despite Plaintiff's repeated requests for Defendants VANGUARD and

19  WELLS FARGO (successor in interest to Wachovia Bank) to restore all funds

20  that were wrongfully paid from her Retirement Savings Plan account as well as

21  other consequential damages, Defendants have failed and refused and continue

22  to fail and refuse to do so.

23                                     XVI.

24         The aforementioned acts of Defendants VANGUARD and WELLS FARGO

25  (successor in interest to Wachovia Bank) were willful, wanton, malicious and

26  oppressive, were undertaken with the intent to defraud Plaintiff, and justify the

27  awarding of exemplary and punitive damages in the amount of Ten Million

28

1  Dollars ($10,000,000.00) against each Defendant.

2  ### COUNT THREE

3  XVII.

4      Plaintiff refers to and incorporates by reference paragraphs I through XVI

5  of this Complaint.

6  XVIII.

7      By reason of the wrongful and fraudulent conduct of Defendants

8  VANGUARD and WELLS FARGO (successor in interest to Wachovia Bank),

9  Defendants have obtained claim or possession of funds belonging to Plaintiff in

10  the sum of $61,515.46.   Defendants have no legal or equitable right, claim or

11  interest in said funds, but instead Defendants VANGUARD and WELLS FARGO

12  are involuntary trustees holding said funds together with the earnings and

13  profits generated by said funds in constructive trust for Plaintiff.

14  ### COUNT FOUR

15  XIX.

16      Plaintiff refers to and incorporates by reference paragraphs I through XVI

17  of this Complaint.

18  XX.

19      Since approximately 1988, and at all times herein mentioned, Defendant

20  VANGUARD has falsely and fraudulently represented to Plaintiff in Phoenix,

21  Arizona that if Plaintiff would open and maintain her FedEx Corporation

22  Retirement Savings Plan account with Defendant VANGUARD, among other

23  things the following:

24      A.    That Defendant would act as Trustee for Plaintiff's Retirement

25          Savings Account;

26      B.    That Defendant would at all times safeguard Plaintiff's retirement

27          account;

28

7

1    C.    That Defendant VANGUARD would exercise due diligence and the

2          highest fiduciary standards as Trustee for Plaintiff's retirement

3          account;

4    D.    That Defendant VANGUARD would provide Plaintiff with regular

5          periodic statements by mail reflecting the account status and

6          activity in her retirement account;

7    E.    That Defendant VANGUARD would not issue and nor process for

8          payment checks drawn on Plaintiff's retirement account that were

9          presented for payment on the basis of forged endorsements;

10   F.    That when Plaintiff requested that Defendant VANGUARD provide

11         copies of canceled checks drawn on her account, that Defendant

12         would provide same expeditiously.

13   G.    That Defendant VANGUARD would expeditiously investigate

14         criminal acts, including theft and the payment of forged checks,

15         perpetrated against Plaintiff and her Retirement Savings Plan

16         account.

17                                    XXI.

18   The representations made by Defendants VANGUARD were in fact false.

19   The true facts were:

20   a.    Defendants VANGUARD failed to maintain proper fiduciary

21         standards and supervisory controls over its employees and

22         representatives.   Defendants breached its fiduciary duties owed to

23         Plaintiff.

24   b.    Defendants VANGUARD failed to provide Plaintiff with regular

25         periodic statements by mail reflecting the account status and

26         activity or any statements at all for Plaintiff's retirement account;

27   c.    Defendants VANGUARD wrongfully engaged in a repeated pattern

28

                                      8

1        of conduct and practice of issuing payment on checks drawn on

2        Plaintiff's retirement that were presented for payment with forged

3        endorsements;

4      d.   Defendant willfully, intentionally and repeatedly failed and refused

5          to expeditiously provide Plaintiff with copies of canceled checks

6          upon her reasonable request.

7      e.   Defendant willfully, intentionally and repeatedly failed and refused

8          to expeditiously investigate the theft of funds from Plaintiff's

9          Retirement Savings Plan account after Plaintiff informed Defendant

10        of same.

11                    XXII.

12    When Defendant VANGUARD made these representations it knew them

13 to be false, and these representations were made by Defendant with the intent

14 to defraud and deceive Plaintiff and with the intent to induce Plaintiff to act in

15 the manner herein alleged.   At the time Defendant made the promises

16 to Plaintiff, Defendant had no intention of performing them.

17                    XXIII.

18    Plaintiff, at the time these representations were made by Defendant and

19 at the time Plaintiff took the actions herein alleged, was ignorant of the falsity

20 of Defendant's representations and believed them to be true.   In reliance on

21 these representations, Plaintiff was induced to and did open a Retirement

22 Savings Plan account with Defendant and did thereafter periodically make

23 contributions to the account, maintaining in excess of $150,000 in said

24 account.   Had Plaintiff known the actual facts, she would not have taken such

25 action.   Plaintiff's reliance on Defendant's representations was justified

26 because Defendant's representations were consistent with a financial

27 institution of the highest integrity and the stature and reputation of Defendant

28

1 VANGUARD.

2 XXIV.

3     Plaintiff was not provided with current statements for the Retirement
4 Savings Plan account nor informed of the disbursement of funds from her
5 account by negotiation of three (3) forged checks, and despite exercising
6 reasonable diligence was not able to discover same until approximately
7 March 10, 2010 when Defendant VANGUARD finally provided Plaintiff with
8 copies of the three (3) checks referred to above.  Further, Defendants
9 VANGUARD, FRAN GRUNDE, MEGAN VOGEL and DOES 1, 2 and 3,
10 negligently and/or intentionally repeatedly failed to provide information,
11 account statements, copies of canceled checks and other documents requested
12 by Plaintiff, and to initiate an investigation into the disbursement of funds from
13 Plaintiff's account, all of which would have provided Plaintiff with sufficient
14 information needed to discover Defendant VANGUARD'S fraudulent conduct.

15 XXV.

16     As a proximate result of Defendant's fraud and deceit and the facts
17 herein alleged, Defendant has failed and refused to pay to Plaintiff the sum of
18 $61,515.46 being the total sum of three (3) checks drawn on Plaintiff's
19 retirement account maintained by Defendant VANGUARD.  Each of the checks
20 were negotiated by said Defendant with forged endorsements, without Plaintiff's
21 knowledge or consent.  And, the proceeds from said checks were neither paid
22 to nor received by Plaintiff, by reason of which Plaintiff has been damaged in
23 the sum of $61,515.46 together with interest and loss of investment earnings
24 on said sum from and after February 15, 2006.

25 XXVI.

26     In doing the acts herein alleged, Defendant VANGUARD acted with
27 oppression, fraud, and malice, and Plaintiff is entitled to exemplary and

28

1    punitive damages in the sum of $10,000,000 (Ten Million Dollars).

2                           **COUNT FIVE**

3                              XXVII.

4        Plaintiff refers to and incorporates by reference paragraphs I through

5    XXVI of this Complaint.

6                             XXVIII.

7        At all times herein mentioned Defendant VANGUARD has been and is the

8    trustee for Plaintiff's Retirement Savings Plan account and had a fiduciary duty

9    to safeguard Plaintiff's funds, to properly maintain the account and provide

10   regular periodic statements of the account activity to Plaintiff.

11                             XXIX.

12       As a result of the aforementioned, Defendant VANGUARD has received or

13   disbursed money, which is due to Plaintiff from Defendant, as previously

14   alleged.

15                             XXX.

16       The amount of money due from Defendant to Plaintiff is unknown to

17   Plaintiff  and cannot be ascertained without a full accounting of the activity in

18   Plaintiff's Retirement Savings Plan account.   Plaintiff is informed and believes

19   that the amount of money due to Plaintiff from Defendant VANGUARD exceeds

20   $61,515.46.

21                             XXXI.

22

23       Plaintiff has demanded an accounting of the aforementioned account

24   activity from Defendant VANGUARD and payment of the amount found due but

25   Defendant has failed and refused, and continues to fail and refuse, to render

26   such an accounting and to pay such sum.

27

28
                                   11

**COUNT SIX**

XXXII.

Plaintiff refers to and incorporates by reference paragraphs I through XXIX of this Complaint.

XXXIII.

Arizona law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of Arizona.

XXXIV.

As a result of the actions of Defendants and each of them, set forth hereinabove, said Defendants have violated the implied covenant of good faith and fair dealing contained in the Retirement Savings Plan account agreement as against Plaintiff herein, and as a result Plaintiff is entitled to an award of damages as prayed.

XXXV.

As a direct and proximate result of the actions of Defendants and each of them, Plaintiff has been damaged in a sum not less than $61,515.46.

XXXVI.

In acting the manner alleged hereinabove, and in violating the covenant of good faith and fair dealing, Defendant VANGUARD acted with oppression, fraud and malice toward Plaintiff and with the specific intent to deny Plaintiff benefits of the agreement that were owed to her, and therefor Plaintiff is entitled to an award of exemplary and punitive damages in the sum of Ten Million Dollars ($10,000,000.00).

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.    For compensatory damages in the sum of $61,515.46 together with earnings and profits generated by said funds as we as interest at the legal rate from and after February 15, 2006 to the present;

2.    For compensatory damages resulting from the foreclosure of Plaintiff's house in a fair and reasonable amount according to proof at trial;

3.    For punitive and exemplary damages in a sum of Ten  Million Dollars ($10,000,000.00);

4.    For reasonable attorney's fees as allowed by Arizona law, as well as taxable costs; and

5.    For any other and further relief as the Court may deem  just and proper.

DATED  this _3rd_ day of July,  2012.

_____

HOWARD R. GAINES.
Attorney for Plaintiff
LEANNE M. HORWATH