Howard Ross Cabot, Bar #006669
Jacob C. Robertson, Bar #024763
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
HCabot@perkinscoie.com
JRobertson@perkinscoie.com

Attorneys for Defendants
*Vanguard Fiduciary Trust Company; The Vanguard Group, Inc.; Francis Grunde; and Meghan Vogel*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Leanne M. Horwath,<br><br>          Plaintiff,<br><br>   v.<br><br>Vanguard Fiduciary Trust Company, a Pennsylvania Corporation; The Vanguard Group, Inc., a Pennsylvania Corporation; Fran Grunde; Meghan Vogel; Wells Fargo Bank, a National Banking Association; and Does 1 to 10,<br><br>          Defendants. | No. 2:12-cv-01662-PHX-DGC<br><br>**VANGUARD DEFENDANTS' ANSWER TO COMPLAINT** |

     Defendants Vanguard Fiduciary Trust Company and The Vanguard Group, Inc. (collectively, "Vanguard" or the "Vanguard Defendants") respond to the allegations in Plaintiff's Complaint as follows:

     1.    Vanguard states that it lacks knowledge sufficient to form a belief as to the

truth of the allegations of Paragraph 1, and on that basis denies those allegations.

2. The Vanguard Defendants admit that they are incorporated in Pennsylvania, that they are authorized to conduct business in Arizona, and that they conduct business in Arizona. Vanguard states that it lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2, and on that basis denies the remaining allegations of Paragraph 2.

3. Vanguard states that Defendants Fran Grunde and Meghan Vogel are residents of Pennsylvania and are employees of The Vanguard Group, Inc. The remaining allegations of Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is required, the Vanguard Defendants deny the remaining allegations of Paragraph 3.

4. Vanguard states that it is informed and believes that Ms. Horwath has maintained a FedEx Corporation retirement savings account since 1988 but denies that Vanguard has been the custodian for the entire time it has been open. Vanguard further states that any terms and conditions applicable to Ms. Horwath's retirement savings account speak for themselves, and denies the allegations of Paragraph 4 to the extent that they are inconsistent with or not supported by documentation. Moreover, Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the Vanguard Defendants deny any remaining allegations of Paragraph 4.

5. Vanguard states that Ms. Horwath made periodic contributions to her account. Vanguard denies the remaining allegations of Paragraph 5.

6. Vanguard denies the allegations of Paragraph 6.

7. Vanguard denies the allegations of Paragraph 7.

8. Vanguard states that it lacks knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies those allegations.

9. Vanguard denies the allegations of Paragraph 9.

10. Vanguard states that it has not credited the amounts for the three checks referenced in Paragraph 6 to Plaintiff's account because it is not required to do so. Vanguard denies the remaining allegations of Paragraph 10.

11. Vanguard denies the allegations of paragraph 11.

12. Vanguard refers to and incorporates by reference its responses to Paragraphs 1-11 of its Answer.

13. Vanguard denies the allegations of Paragraph 13.

14. Vanguard states that it provided Plaintiff with copies of the three checks referenced in Paragraph 6. Vanguard denies the remaining allegations of Paragraph 14.

15. Vanguard states that it has not credited the amounts for the three checks referenced in Paragraph 6 to Plaintiff's account because it is not required to do so. Vanguard denies the remaining allegations of Paragraph 15.

16. Vanguard denies the allegations of Paragraph 16.

17. Vanguard refers to and incorporates by reference its responses to Paragraphs 1-16 of its Answer.

18. Vanguard denies the allegations of Paragraph 18.

19. Vanguard refers to and incorporates by reference its responses to Paragraphs 1-18 of its Answer.

20. Vanguard states that it is informed and believes that Ms. Horwath has maintained a FedEx Corporation retirement savings account since 1988 but denies that Vanguard has been the custodian for the entire time it has been open. Vanguard further states that any terms and conditions applicable to Ms. Horwath's retirement savings account speak for themselves, and denies the allegations of Paragraph 20 to the extent that they are inconsistent with or not supported by documentation. Moreover, Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, the Vanguard Defendants deny any remaining allegations of Paragraph 20.

21. Paragraph 21 contains a legal conclusion to which no response is required. To the extent a response is required, the Vanguard Defendants deny the allegations of Paragraph 21.

22. Vanguard denies the allegations of Paragraph 22.

23. Vanguard denies the allegations of Paragraph 23.

24. Vanguard denies the allegations of Paragraph 24.

25. Vanguard denies the allegations of Paragraph 25.

26. Vanguard denies the allegations of Paragraph 26.

27. Vanguard refers to and incorporates by reference its responses to Paragraphs 1-26 of its Answer.

28. Vanguard states that it is informed and believes that Ms. Horwath has maintained a FedEx Corporation retirement savings account since 1988 but denies that Vanguard has been the custodian for the entire time it has been open. Vanguard further states any terms and conditions applicable to Ms. Horwath's retirement savings account speak for themselves, and denies the allegations of Paragraph 28 to the extent that they are inconsistent with or not supported by documentation. Moreover, Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, the Vanguard Defendants deny any remaining allegations of Paragraph 28.

29. Vanguard denies the allegations of Paragraph 29.

30. Vanguard denies the allegations of Paragraph 30.

31. Vanguard denies the allegations of Paragraph 31.

32. Vanguard refers to and incorporates by reference its responses to Paragraphs 1-31 of its Answer.

33. Paragraph 33 contains a legal conclusion to which no response is required.

34. Paragraph 34 contains a legal conclusion to which no response is required. To the extent a response is required, the Vanguard Defendants deny the allegations of

Paragraph 34.

35. Vanguard denies the allegations of Paragraph 35.

36. Vanguard denies the allegations of Paragraph 36.

## **Affirmative Defenses**

Vanguard states the following defenses to the causes of action asserted in the Complaint without assuming the burden of proof where such a burden is otherwise on Plaintiff pursuant to applicable substantive procedural law.  Vanguard reserves the right to assert additional affirmative defenses as discovery proceeds in this matter.

A. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

B. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or statutes of repose.

C. Plaintiff's claims against Vanguard are barred because Plaintiff is not injured by reason of any action by Vanguard.

D. Plaintiff's claims are barred in whole or in part by the doctrines of laches and unclean hands.

E. Plaintiff's claims are barred in whole or in part because Plaintiff's claimed injuries and damages were not legally or proximately caused by any acts or omissions of Vanguard and/or were caused, if at all, by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

F. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages and/or failure to take necessary steps to avoid preventable consequences.

G. Plaintiff's claims are barred, in whole or in part, by the applicable defenses in Article 4, section 406 of the Uniform Commercial Code.

H. Plaintiff's claims are barred, in whole or in part, by the applicable defenses

1  in Article 3, section 406 of the Uniform Commercial Code.

2        I.    Plaintiff's claims are barred, in whole or in part, by the doctrine of
3  ratification.

4        J.    Plaintiff's claims are barred, in whole or in part, because Plaintiff
5  authorized the transactions.

6        K.    Plaintiff's claims are barred, in whole or in part, because the benefit of the
7  instruments was in fact received by the person for whom it was intended.

9      WHEREFORE, Vanguard requests that Plaintiff take nothing by her Complaint,
10 and that Vanguard be awarded judgment in this action in its favor, its reasonable
11 attorneys' fees and costs, and such other relief as the Court deems appropriate.

16 Dated: August 24, 2012                      **PERKINS COIE LLP**

                                            By: s/ Jacob C. Robertson
                                               Howard Ross Cabot, Bar #006669
                                               Jacob C. Robertson, Bar #024763
                                               2901 North Central Avenue
                                               Suite 2000
                                               Phoenix, Arizona  85012-2788
                                               Telephone:  602.351.8000
                                               Facsimile:  602.648.7000
                                               HCabot@perkinscoie.com
                                               JRobertson@perkinscoie.com

                                               *Attorneys for Defendants Vanguard*
                                               *Fiduciary Trust Company; The Vanguard*
                                               *Group, Inc.; Francis Grunde; and*
                                               *Meghan Vogel*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2012, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Howard R. Gaines
Gaines Law, P.C.
3200 North Central Avenue
Suite 2350
Phoenix, Arizona  85012
*Attorney for Plaintiff*

David L. Allen
Kelly A. Brown
JABURG & WILK
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
*Attorney for Wells Fargo Bank*

s/ Indy Fitzgerald

LEGAL24346923.3