Howard Ross Cabot, Bar #006669
Jacob C. Robertson, Bar #024763
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
HCabot@perkinscoie.com
JRobertson@perkinscoie.com

Attorneys for Defendants
*Vanguard Fiduciary Trust Company; The
Vanguard Group, Inc.; Francis Grunde; and
Meghan Vogel*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Leanne M. Horwath,<br><br>                    Plaintiff,<br><br>          v.<br><br>Vanguard Fiduciary Trust Company, a Pennsylvania Corporation; The Vanguard Group, Inc., a Pennsylvania Corporation; Fran Grunde; Meghan Vogel; Wells Fargo Bank, a National Banking Association; and Does 1 to 10,<br><br>                    Defendants. | No. 2:12-cv-01662-PHX-DGC<br><br><br>**DEFENDANT VANGUARD EMPLOYEES' MOTION TO DISMISS** |

# TABLE OF CONTENTS

**Page**

MOTION.................................................................................................................1

MEMORANDUM....................................................................................................1

Introduction ...........................................................................................................1

Factual Background ...............................................................................................2

Argument................................................................................................................3

I.     THIS COURT SHOULD DISMISS THE VANGUARD EMPLOYEES FROM THIS CASE PURSUANT TO RULE 12(B)(6) .....................................3

    A.    The Breach of Contract Claim Should Be Dismissed .............................4

    B.    The Conversion Claim Should Be Dismissed .........................................5

    C.    The Fraud Claim Should Be Dismissed...................................................6

II.    THIS COURT SHOULD DISMISS THE VANGUARD EMPLOYEES FROM THIS CASE FOR LACK OF PERSONAL JURISDICTION ...............7

    A.    Plaintiff Has the Burden to Establish Personal Jurisdiction with Facts Showing That the Vanguard Employees Purposefully Established Minimum Contracts with Arizona.......................................7

    B.    The Vanguard Employees Are Not Subject to General Jurisdiction in Arizona .................................................................................................9

    C.    The Vanguard Employees Are Not Subject to Specific Jurisdiction in Arizona.............................................................................10

        1.    Purposeful availment .................................................................10

        2.    Connection between the claims and forum-related activities ...................................................................................11

        3.    Reasonableness of asserting jurisdiction ...................................12

Conclusion..........................................................................................................13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Armstrong v. Aramco Serv. Co.*,
155 Ariz. 345, 746 P.2d 917 (Ct. App. 1987) ............................................................... 8

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*,
480 U.S. 102 (1987) ..................................................................................................... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................... 3

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir.1988) ......................................................................................... 4

*Batton v. Tenn. Farmers Mut. Ins. Co.*,
153 Ariz. 268, 736 P.2d 2 (1987) .................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................. 3, 4

*Breedlove v. Wells Fargo Bank, N.A.*,
No. CV-09-8135-PCT-JAT, 2010 WL 3000012 (D. Ariz. July 28, 2010) ................... 6

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ................................................................................................ 8, 11

*Cousins v. Lockyer*,
568 F.3d 1063 (9th Cir. 2009) ...................................................................................... 2

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) .............................................................................. 7, 10, 11

*Enyart v. Transamerica Ins. Co.*,
195 Ariz. 71, 985 P.2d 556 (Ct. App. 1998) ................................................................ 6

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
284 F.3d 1114 (9th Cir. 2002) .................................................................................... 12

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Goodman v. Physical Res. Eng'g, Inc.*,
   229 Ariz. 25, 270 P.3d 852 (Ct. App. 2011), *review denied* (Apr. 24, 2012) ............... 5

*Hanson v. Denckla*,
   357 U.S. 235 (1958) ........................................................................................................ 9

*Haskins v. Moynihan*,
   No. CV-10-1000-PHX-GMS, 2011 WL 488896 (D. Ariz. Feb. 4, 2011) .................... 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ............................................................................................ 8, 9, 10

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007) ................................................................................ 11, 12

*Hoskinson Through Fleming v. State of Cal.*,
   168 Ariz. 250, 812 P.2d 1068 (Ct. App. 1990) ............................................................ 9

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982) ...................................................................................................... 12

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ...................................................................................................... 12

*Kane v. Bosco*,
   No. 10-CV-01787-PHX-JAT, 2010 WL 4879177 (D. Ariz. Nov. 23, 2010) ............... 4

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ........................................................................................................ 8

*Lycoming Div. of Avco Corp. v. Super. Ct. of Maricopa Cnty.*,
   22 Ariz. App. 150, 524 P.2d 1323 (1974) .................................................................... 8

*Maloof v. Raper Sales, Inc.*,
   113 Ariz. 485, 557 P.2d 522 (1976) .............................................................................. 7

*Mansour v. Cal-W. Reconveyance Corp.*,
   618 F. Supp. 2d 1178 (D. Ariz. 2009) .......................................................................... 4

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Meyers v. Hamilton Corp.*,
143 Ariz. 249, 693 P.2d 904 (1984)....................................................................... 7, 9, 10

*Miller v. Hehlen*,
209 Ariz. 462, 104 P.3d 193 (Ct. App. 2005) ................................................................. 5

*Nielson v. Flashberg*,
101 Ariz. 335, 419 P.2d 514 (1966)................................................................................ 6

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
52 F.3d 267 (9th Cir. 1995) .......................................................................................... 11

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*,
149 F.3d 1086 (10th Cir. 1998) ............................................................................. 12, 13

*Petrik v. Pub. Serv. Mut. Ins. Co.*,
879 F.2d 682 (9th Cir. 1989) .......................................................................................... 7

*Pimal Prop., Inc. v. Capital Ins. Group, Inc.*,
No. CV11-02323-PHX-DGC, 2012 WL 608392 (D. Ariz. Feb. 27, 2012).................. 5

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ................................................................................. 11, 12

*Scott v. Breeland*,
792 F.2d 925 (9th Cir. 1986) .......................................................................................... 8

*Sher v. Johnson*,
911 F.2d 1357 (9th Cir. 1990) ...................................................................................... 10

*Stratton v. Inspiration Consol. Copper Co.*,
140 Ariz. 528, 683 P.2d 327 (Ct. App. 1984)................................................................. 5

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .......................................................................................... 6

*Universal Mktg. & Entm't, Inc. v. Bank One of Arizona, N.A.*,
203 Ariz. 266, 53 P.3d 191 (Ct. App. 2002).................................................................. 5

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................... 6

*Weisbuch v. County of L.A.*,
    119 F.3d 778 (9th Cir.1997) ............................................................................... 4

*Williams v. Lakeview Co.*,
    199 Ariz. 1, 13 P.3d 280 (2000)....................................................................... 7, 9

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)......................................................................................... 7, 9

**OTHER AUTHORITIES**

Ariz. R. Civ. P. 4.2(a) ............................................................................................. 7

Constitution of the United States............................................................................ 7

Federal Rule of Civil Procedure 12(b)(2)............................................................... 1

Federal Rule of Civil Procedure 12(b)(6)...................................................... 1, 2, 3, 4

Federal Rule of Civil Procedure 9(b) ..................................................................... 6

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Fran Grunde and Meghan Vogel (collectively, "Vanguard Employees") move to dismiss the claims asserted against them for failure to state a claim on which relief may be granted.  Because Plaintiff cannot prove any facts that would entitle her to relief against them, the Vanguard Employees should be dismissed from this case with prejudice.  The Vanguard Employees also move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Vanguard Employees are not subject to personal jurisdiction in this action.

## MEMORANDUM

### Introduction

The Vanguard Employees are not proper parties to this case.  Plaintiff alleges that in 2006 and 2007, three checks drawn on her retirement savings account were paid without authorization by The Vanguard Group, Inc., Vanguard Fiduciary Trust Company (collectively, "Vanguard"), and/or Wells Fargo Bank, N.A.  The Vanguard Employees are mentioned in passing, boilerplate references in Count I (Breach of Contract), Count II (Conversion), and Count IV (Fraud), but the claims against them are inadequate as a matter of law:

- The breach of contract claim against the Vanguard Employees fails as a matter of law because Plaintiff does not – and cannot – allege any contractual privity between Plaintiff and the Vanguard Employees.
- The conversion claim fails because Plaintiff does not – and cannot – allege that the Vanguard Employees had dominion or control over the allegedly converted checks.
- The fraud claim fails because the Complaint fails to specifically allege several required elements for fraud against the Vanguard Employees.

In short, these individuals should never have been named in this lawsuit and should be dismissed with prejudice.

The Vanguard Employees are also entitled to dismissal because they are not subject to personal jurisdiction in this action. Plaintiff has not met her burden in the Complaint of showing that the Vanguard Employees have established the minimum contacts required by due process.  The Vanguard Employees themselves live and work in Pennsylvania, and the vague, boilerplate allegations do not reference to any connection between either of the Vanguard Employees and the State of Arizona.

## Factual Background[1]

Fran Grunde and Meghan Vogel are Pennsylvania residents and employees of The Vanguard Group, Inc.  [Doc. 1 (Notice of Removal) ¶ 4(b) and Ex. 1 (Compl.) ¶ 3] Plaintiff alleges that each of these individuals "was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment."  [Doc. 1, Ex. 1 (Compl.) ¶ 3]

In her breach of contract count, Plaintiff alleges that she had an account agreement with Vanguard.  [*Id.* ¶ 4]  Plaintiff alleges that Vanguard breached that agreement. [*Id.* ¶ 6]  Plaintiff mentions the Vanguard Employees only once in passing in the following paragraph:

> Further, Defendants VANGUARD, FRAN GRUNDE, MEGAN VOGEL and DOES 1, 2, and 3, negligently and/or intentionally repeatedly failed to provide information, account statements, copies of canceled checks and other documents requested by Plaintiff, and to initiate an investigation into the disbursement of funds from Plaintiff's account, all of which would have provided Plaintiff with sufficient information needed to discover the breach of the Retirement Savings Plan agreement by Defendant VANGUARD.

[*Id.* ¶ 9]  Plaintiff does not – and cannot – allege the existence of any contract with the

---

[1]  The Vanguard Employees (and their employer) vigorously dispute Plaintiff's factual recitation in the Complaint, but for the purposes of this Motion only, assume that they are true.  *See, e.g., Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (allegations in complaint taken as true on Rule 12(b)(6) motion).

1  Vanguard Employees.

2      Similarly, in the conversion count, Plaintiff alleges that Vanguard and Defendant

3  Wells Fargo Bank, N.A. ("Wells Fargo") "wrongfully took" amounts paid on three

4  checks drawn on a retirement account "maintained" by Vanguard and "cleared" by Wells

5  Fargo. [*Id.* ¶ 13]  The sole reference to the Vanguard Employees is the same boilerplate

6  allegation made earlier in Paragraph 9 of the Complaint, substituting only the words ". . .

7  discover the breach of the Retirement Savings Plan agreement . . ." with ". . . discover the

8  conversion of funds . . . ." [*Id.* ¶ 14]    There is no allegation the Vanguard Employees

9  ever took funds or maintained Plaintiff's account.

10     Likewise, Plaintiff asserts in her fraud count that she relied on certain allegedly

11 false representations purportedly made *by Vanguard* at the time she opened her

12 retirement account in 1988. [*Id.* ¶¶ 20-22]  Following her general fraud allegation against

13 Vanguard, Plaintiff once again merely cuts and pastes the language regarding the

14 Vanguard Employees from Paragraph 9 of the Complaint, substituting the words ". . .

15 discover the breach of the Retirement Savings Plan agreement . . ." with ". . . discover

16 Defendant VANGUARD's fraudulent conduct."  [*Id.* ¶ 24]  There is no other mention of

17 or allegation against the Vanguard Employees in the fraud count.

18     None of the other causes of action contain any allegations or request any relief

19 against the Vanguard Employees.

20                                    **Argument**

21 **I.    THIS COURT SHOULD DISMISS THE VANGUARD EMPLOYEES FROM
22          THIS CASE PURSUANT TO RULE 12(B)(6).**

23     To survive a Rule 12(b)(6) motion to dismiss, a complaint "requires more than

24 labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

25 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *see Ashcroft v. Iqbal*, 556 U.S.

26 662, 663 (2009) (stating that a complaint must raise a "reasonable inference that the

1   defendant is liable for the misconduct alleged") (citing *Twombly*, 550 U.S. at 556).  A

2   motion to dismiss pursuant to Rule 12(b)(6) should be granted where the plaintiff has not

3   pleaded "either a cognizable legal theory or facts sufficient to support a cognizable legal

4   theory." *Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz.

5   2009) (citing *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988);

6   *Weisbuch v. County of L.A.,* 119 F.3d 778, 783, n. 1 (9th Cir.1997).

7          When, as is the case here, a plaintiff sues a company and names its employees

8   without any specific allegations that would sustain a cause of action, those claims should

9   be dismissed.  *See Haskins v. Moynihan*, No. CV-10-1000-PHX-GMS, 2011 WL 488896,

10  at *2 (D. Ariz. Feb. 4, 2011) (dismissing individual defendant from case where plaintiff

11  failed to allege "a sufficient factual basis from which it could draw the 'reasonable

12  inference' that [the individual defendant was] liable for any alleged misconduct"); *Kane*

13  *v. Bosco*, No. 10-CV-01787-PHX-JAT, 2010 WL 4879177, at *9 (D. Ariz. Nov. 23,

14  2010) ("Plaintiff's failure to specifically plead any claims against the Individual

15  Defendants, and Plaintiff's failure to cite any acts or omissions of the Individual

16  Defendants entitle [those defendants] to dismissal from this action.").

17         As discussed below, Plaintiff's Complaint fails to set forth a legal theory or facts

18  supporting its breach of contract, conversion, and fraud theories that could give rise to

19  liability of the Vanguard Employees.

20         **A.      The Breach of Contract Claim Should Be Dismissed.**

21         The breach of contract claim fails to allege the existence of a contractual

22  relationship between Plaintiff and the Vanguard Employees.  Paragraphs 3 and 4 of the

23  Complaint allege that Vanguard and Plaintiff were contracting parties and that Vanguard

24  allegedly breached the agreement.   [Doc. 1, Ex. 1]   There is no allegation that the

25  Vanguard Employees entered into an agreement with Plaintiff.

26         Because basic contract law requires Plaintiff to prove, among other things, the

existence of a contract to sue for breach of contract, her breach of contract claim against the Vanguard Employees should be dismissed. *Goodman v. Physical Res. Eng'g, Inc.*, 229 Ariz. 25, 270 P.3d 852, 855 (Ct. App. 2011) (action for breach of contract requires the existence of a contract), *review denied* (Apr. 24, 2012); *Stratton v. Inspiration Consol. Copper Co.*, 140 Ariz. 528, 531, 683 P.2d 327, 330 (Ct. App. 1984) (plaintiff who has not established existence of contract with defendant "has no claim for a personal judgment sounding in breach of contract"); *see also Pimal Prop., Inc. v. Capital Ins. Group, Inc.*, No. CV11-02323-PHX-DGC, 2012 WL 608392, at *3 (D. Ariz. Feb. 27, 2012) (dismissing breach of contract claim because plaintiff could not show contractual privity with defendant).

### B.    The Conversion Claim Should Be Dismissed.

The conversion claim fails as a matter of law because Plaintiff does not allege that the individual Vanguard Employees ever exercised dominion or control over the allegedly converted funds. Plaintiff alleges that *Vanguard* maintained the funds that were allegedly converted and that Vanguard and Wells Fargo "wrongfully took" those funds. [Doc. 1, Ex. 1 ] There is no allegation that the Vanguard Employees maintained, took, or ever had control over these funds.

Because a claim for conversion is premised on some kind of exercise of dominion or control over Plaintiff's property, Plaintiff's conversion claim against the Vanguard Employees should be dismissed. *See Miller v. Hehlen*, 209 Ariz. 462, 472, 104 P.3d 193, 203 (Ct. App. 2005) (rejecting conversion claim because, among other things, plaintiff failed to show defendant "exercised intentional dominion" over plaintiff's property); *Universal Mktg. & Entm't, Inc. v. Bank One of Arizona, N.A.*, 203 Ariz. 266, 271, 53 P.3d 191, 196 (Ct. App. 2002) (conversion claim requires that defendant have control of funds at issue).

**C.    The Fraud Claim Should Be Dismissed.**

Plaintiff's fraud claim should be dismissed because she fails to allege facts supporting the required elements of fraud against the Vanguard Employees.   For example, the Complaint alleges only that *Vanguard* made certain fraudulent statements regarding the account.   [Doc. 1, Ex. 1 ¶¶ 20-23]   There are no specific allegations of statements made by the Vanguard Employees.

Plaintiff's failure to allege any specific misrepresentation by either of the Vanguard Employees is especially egregious in light of Federal Rule of Civil Procedure Rule 9(b)'s requirement that "the circumstances constituting fraud" be stated "with particularity."  *See, e.g., Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (citation and quotation omitted); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (citation and quotation omitted).

Because the nine elements of fraud[2] (including actually making a representation) were not plead at all against the Vanguard Employees, let alone with particularity, Plaintiff's fraud claim against the Vanguard Employees should be dismissed.   *See Breedlove v. Wells Fargo Bank, N.A.*, No. CV-09-8135-PCT-JAT, 2010 WL 3000012 , at

---

[2] A showing of fraud requires: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury." *Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 77, 985 P.2d 556, 562 (Ct. App. 1998) (quoting *Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966)).

*11 (D. Ariz. July 28, 2010) (dismissing fraud count against defendant company's employee because complaint "failed to particularly plead any facts supporting the elements of fraud").

## II.   THIS COURT SHOULD DISMISS THE VANGUARD EMPLOYEES FROM THIS CASE FOR LACK OF PERSONAL JURISDICTION.

### A.   Plaintiff Has the Burden to Establish Personal Jurisdiction with Facts Showing That the Vanguard Employees Purposefully Established Minimum Contracts with Arizona.

A plaintiff bears the burden of establishing personal jurisdiction over any non-resident defendant. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Maloof v. Raper Sales, Inc.*, 113 Ariz. 485, 487, 557 P.2d 522, 524 (1976). Where, as here, a case is filed in Arizona state court and removed to federal court on the basis of diversity jurisdiction, in order to establish personal jurisdiction a plaintiff must show that (1) Arizona's state long-arm statute, Ariz. R. Civ. P. 4.2(a), confers personal jurisdiction over the nonresident defendant, and (2) the exercise of personal jurisdiction accords with federal constitutional principles of due process that require that the defendant have sufficient "minimum contacts" with the forum and that the assertion of jurisdiction not offend traditional notions of fair play and substantial justice. *See Petrik v. Pub. Serv. Mut. Ins. Co.*, 879 F.2d 682, 684 (9th Cir. 1989); *Meyers v. Hamilton Corp.*, 143 Ariz. 249, 252, 693 P.2d 904, 907 (1984) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). As a practical matter, the sole issue is whether Plaintiff has established that the exercise of personal jurisdiction over the Vanguard Employees would comport with constitutional due process because Arizona's long-arm statute permits jurisdiction over non-resident defendants "to the maximum extent permitted by the Constitution of this state and the Constitution of the United States." Ariz. R. Civ. P. 4.2(a). *See also Williams v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 282 (2000). Plaintiff has not satisfied – and, as discussed below, cannot satisfy – this burden with

1   respect to the Vanguard Employees.

2       When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff

3   is obligated to come forward with facts sufficient to establish personal jurisdiction over

4   that defendant.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *Armstrong v.*

5   *Aramco Serv. Co.*, 155 Ariz. 345, 348, 746 P.2d 917, 920 (Ct. App. 1987).  "[A]ctual

6   facts, and not the mere allegations of the complaint, are determinative of the

7   jurisdictional question."  *Lycoming Div. of Avco Corp. v. Super. Ct. of Maricopa Cnty.*,

8   22 Ariz. App. 150, 152, 524 P.2d 1323, 1325 (1974).

9       In meeting her burden of establishing personal jurisdiction over the Vanguard

10  Employees, Plaintiff must point to separate contacts and conduct by each one of the

11  Vanguard Employees.  As the Supreme Court has held, "[e]ach defendant's contacts with

12  the forum State must be assessed individually."  *Keeton v. Hustler Magazine, Inc.*, 465

13  U.S. 770, 781 n.13 (1984) (refusing to attribute magazine's in-state contacts to its owner,

14  editor, and publisher for jurisdictional purposes, and noting that "jurisdiction over an

15  employee does not automatically follow from jurisdiction over the corporation which

16  employs him").

17      A state may assert either "general" or "specific" jurisdiction over a non-resident

18  defendant, depending on the nature and the extent of contacts between that defendant and

19  the forum.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15

20  (1984); *Armstrong*, 155 Ariz. at 349, 746 P.2d at 921.  Under either standard, "the

21  constitutional touchstone remains whether the defendant purposefully established

22  'minimum contacts' in the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

23  474 (1985) (internal citation omitted), although the extent of the contacts required differs

24  significantly under each of the two standards.  In considering minimum contacts, "it is

25  essential in each case that there be some act by which the defendant purposefully avails

26  itself of the privilege of conducting activities within the forum State, thus invoking the

benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This "purposeful availment" requires that the non-resident defendant's conduct reflect such a deliberate connection with the forum state that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Hoskinson Through Fleming v. State of Cal.*, 168 Ariz. 250, 252, 812 P.2d 1068, 1070 (Ct. App. 1990).

### B. The Vanguard Employees Are Not Subject to General Jurisdiction in Arizona.

General jurisdiction subjects the defendant to suit on virtually any claim, whether or not the cause of action arises out of or relates to the defendant's activities in the forum State. *See Helicopteros,* 466 U.S. at 416. An individual is only subject to general jurisdiction if the defendant has such "continuous and systematic" contacts with the forum state that he could reasonably foresee being haled into court there even for claims that have no relation to his activities in that state. *Id.*; *Batton v. Tenn. Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (1987). "The level of contact required to show general jurisdiction is quite high." *Williams*, 199 Ariz. at 3, 13 P.3d at 282. "[I]solated or sporadic contacts with [the] state will not suffice." *Meyers*, 143 Ariz. at 252, 693 P.2d at 907.

As stated earlier, the Vanguard Employees are residents of Pennsylvania and have never lived in Arizona. [Ex. A, Declaration of Francis Grunde ("Grunde Decl.") ¶ 3; Ex. B, Declaration of Meghan Vogel ("Vogel Decl.") ¶ 3] They have never leased or owned property in Arizona, have never had a bank account, checking account or brokerage account in Arizona, have never had any Arizona professional license or an Arizona drivers license, have never filed an Arizona State income tax return, and are not registered to vote in Arizona. [Grunde Decl. ¶¶ 4-6; Vogel Decl ¶ 4-6] The Vanguard Employees have never had an office or telephone listing in Arizona, have never kept files

in Arizona, and have never personally conducted a business out of Arizona or had any employees in Arizona.  [Grunde Decl. ¶ 7; Vogel Decl ¶ 7]  Moreover, Ms. Vogel has never been to Arizona (Vogel Decl. ¶ 8), and Mr. Grunde has only made a couple brief personal visits while he was in college.  [Grunde Decl. ¶ 8]  In short, the Vanguard Employees' contacts with Arizona are, at the most, only "isolated or sporadic," *Meyers*, 143 Ariz. at 252, 693 P.2d at 907, and are clearly not "continuous and systematic," as required to meet the high standard for general jurisdiction.  *See Helicopteros*, 466 U.S. at 416.  There are simply no allegations that could possibly support general jurisdiction over the Vanguard Employees.

**C.**    **The Vanguard Employees Are Not Subject to Specific Jurisdiction in Arizona.**

The Court of Appeals for the Ninth Circuit has established a three-part test for specific jurisdiction:

> (1)    The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
>
> (2)    The claim must be one which arises out of or results from the defendant's forum-related activities.
>
> (3)    Exercise of jurisdiction must be reasonable.

*Doe*, 248 F.3d at 923.  To establish specific jurisdiction, a plaintiff must satisfy all three elements.  If even one is lacking, personal jurisdiction fails.  *Id.*  Here, none of these required elements is present.

**1.**    **Purposeful availment**

"Purposeful availment, which satisfies the first part of the Ninth Circuit test, requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'"  *Doe*, 248

1  F.3d at 924 (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).   "The

2  requirement of purposeful availment 'ensures that a defendant will not be haled into a

3  jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the

4  unilateral activity of another party of a third person.'"  *Id.* (quoting *Burger King v.*

5  *Rudzewicz*, 471 U.S. 462, 478-9 (1985)).

6        As discussed above, neither of the Vanguard Employees live in Arizona, own

7  property in Arizona, or have bank accounts in Arizona.  Moreover, while the Vanguard

8  Employees may respond to customer service requests wherever the customer happens to

9  be located, there is no conduct alleged in which the Vanguard Employees are claimed to

10  have expressly aimed intentional acts at Arizona.  *Schwarzenegger v. Fred Martin Motor*

11  *Co.*, 374 F.3d 797, 807 (9th Cir. 2004) (affirming dismissal on personal jurisdiction

12  grounds).

13          **2.**    **Connection between the claims and forum-related activities**

14        Specific jurisdiction must be "tethered to a relationship between the forum and the

15  claim."  *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir.

16  2007) (citing *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir.

17  1995)); *see also Doe*, 248 F.3d at 924 ("[t]o determine whether a claim arises out of

18  forum-related activities, courts apply a 'but for' test," i.e., whether a plaintiff's claims

19  would have arisen but for the defendant's contacts with the forum state).

20        As discussed above in Section I, there is no legal or factual basis for naming the

21  Vanguard Employees in this case.  Plaintiff's only allegation is that the Vanguard

22  Employees "negligently and/or intentionally repeatedly failed to provide information,

23  account statements, copies of canceled checks and other documents requested by

24  Plaintiff, and to initiate an investigation."  [Doc. 1, Ex. 1 ¶¶ 9, 16, 24]  Plaintiff does not

25  describe what, if anything, happened in Arizona in these allegations.   The only

26  connection alleged in the Complaint is that Plaintiff is an Arizona resident.   [*Id.*, Ex. 1

¶ 1]  There is simply no allegation that the Vanguard Employees "expressly aimed their acts at Arizona," and therefore, Plaintiff has failed to establish that her vague allegations relate to any activities in the forum.  *See Schwarzenegger*, 374 F.3d at 807; *see also Holland Am. Line*, 485 F.3d at 460 (affirming dismissal for lack of personal jurisdiction, where among other things, the plaintiff failed to tie specific allegations of wrongful conduct to the forum).

### 3.    Reasonableness of asserting jurisdiction

The final step in any jurisdictional inquiry is for a plaintiff to show that the exercise of personal jurisdiction over the nonresident defendant does "not offend 'traditional notions of fair play and substantial justice,'" *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)), or in other words, that it would not be "unreasonable and unfair." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 116 (1987).

In determining whether the exercise of personal jurisdiction is reasonable, the Ninth Circuit considers the following factors:

> (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interests in convenient and effective relief; and (7) the existence of an alternative forum.

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002).

"'[T]he weaker the plaintiff's showing on [minimum contacts], the less [the] defendant need show in terms of unreasonableness.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998) (citation omitted).  Plaintiff's

jurisdictional showing here with respect to minimum contacts is extremely weak.  On the other hand, the burden on the Vanguard Employees of conducting this litigation in a jurisdiction where they have virtually no contacts unquestionably would be significant.  And "[w]hile not dispositive, the burden on the defendant of litigating [a] case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction." *Id.* at 1096.  Against the backdrop of Plaintiff's weak showing with respect to minimum contacts and the priority that must be given to the Vanguard Employees' burden of litigating in a foreign state, the exercise of personal jurisdiction over the Vanguard Employees would not be reasonable, and thus offends traditional notions of fair play and justice.

### Conclusion

Plaintiff has no factual or legal basis for including the Vanguard Employees as defendants.  Nothing on the face of the Complaint suggests that Plaintiff could prove any facts that would entitle her to relief against the Vanguard Employees.  Moreover, Plaintiff has not established personal jurisdiction over the Vanguard Employees.  Accordingly, this Court should grant the Vanguard Employees' Motion to Dismiss with prejudice.

1   Dated:  August 24, 2012          **PERKINS COIE LLP**

2

3                           By:  s/ Jacob C. Robertson

4                            Howard Ross Cabot, Bar #006669
                              Jacob C. Robertson, Bar #024763

5                            2901 North Central Avenue
                            Suite 2000

6                            Phoenix, Arizona  85012-2788
                            Telephone:  602.351.8000

7                            Facsimile:  602.648.7000

8                            HCabot@perkinscoie.com
                            JRobertson@perkinscoie.com

9

10                       *Attorneys for Defendants Vanguard
                       Fiduciary Trust Company; The Vanguard*

11                       *Group, Inc.; Francis Grunde; and
                        Meghan Vogel*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on August 24, 2012, I electronically transmitted the foregoing

3

document to the Clerk of the Court using the CM/ECF System for filing and transmittal

4

of a Notice of Electronic Filing to the following CM/ECF registrants:

5

Howard R. Gaines

6

Gaines Law, P.C.
3200 North Central Avenue

7

Suite 2350
Phoenix, Arizona  85012

8

*Attorney for Plaintiff*

9

David L. Allen

10

Kelly A. Brown
JABURG & WILK

11

3200 North Central Avenue
Suite 2000

12

Phoenix, Arizona 85012

13

*Attorney for Wells Fargo Bank*

14

15

s/ Indy Fitzgerald

16

LEGAL24467517.2

17

18

19

20

21

22

23

24

25

26

-15-